**Electronically Filed
Intermediate Court of Appeals
29610
05-APR-2011
08:11 AM**

NO. 29610

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
NELSON K. NII, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 06-1-1305)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Defendant-Appellant Nelson K. Nii (Nii) appeals from
the Judgment of Conviction and Probation Sentence filed on
January 7, 2009 in the Circuit Court of the First Circuit[1]
(circuit court).  A jury found Nii guilty of Promoting a
Dangerous Drug in the Third Degree, in violation of Hawaii
Revised Statutes (HRS) § 712-1243 (Supp. 2010), and Unlawful Use
of Drug Paraphernalia, in violation of HRS § 329-43.5 (1993).

On appeal, Nii contends the circuit court erred when
it

---

[1]  The Honorable Michael A. Town presided.

(1) denied his Motion to Suppress Evidence,[2] filed November 6, 2006, because there was no showing of the reliability of the confidential informant (CI) and no opportunity to challenge the sufficiency of evidence in the sealed affidavit, therefore violating his constitutional rights;

(2) found that Nii's June 20, 2006 warrantless arrest was lawful where the language of the search warrant was overbroad and vague, making it a constitutionally impermissible "general warrant";

(3) found that the June 20, 2006 search of Nii's residence was lawful; and

(4) denied his "Motion to Dismiss Pursuant to Rule 48, Hawai'i Rules of Penal Procedure [HRPP], and the Constitutional Right to a Speedy Trial" (Motion to Dismiss), filed on September 16, 2008, because the court's denial violated HRPP Rule 48 and his right to a speedy trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Nii's points of error as follows:

(1) Under the United States and Hawai'i Constitutions, all arrests and warrants must be based on probable cause. The State of Hawai'i (State) has the burden of showing there was probable cause for the arrest. State v. Crowder, 1 Haw. App. 60, 613 P.2d 909, 913 (1980). "Probable cause exists when the facts and circumstances within one's knowledge and of which one has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that an

---

[2] On October 30, 2006, Nii's co-defendant, Ilona Miller filed a Motion to Suppress Evidence. On November 1, 2006, another co-defendant, Clifton Nii filed a Motion to Suppress Evidence. On November 6, 2006, Nii filed a "Joinder in Defendant Ilona Miller's Motion to Suppress Evidence and Motion to Compel Discovery and [Nii's] Motion to Suppress Evidence." The circuit court considered the three motions together, and we will refer to the three motions collectively as "Defendants' Motion to Suppress."

offense has been committed." State v. Navas, 81 Hawai'i 113, 116, 913 P.2d 39, 42 (1996).

The crucial consideration, according to the Hawai'i Supreme Court, in testing the sufficiency of the affidavit with regards to probable cause based on CI information is "whether the affidavit sets forth facts to show that the affiant is justified in believing the informer's allegations of criminal activity." State v. Austria, 55 Haw. 565, 569, 524 P.2d 290, 293 (1974). "In order for a finding of probable cause to be sustained, . . . the affidavit must set out some of the underlying circumstances from which the informant concluded that the illegal activity was taking place, as well as some of the underlying circumstances from which the police officer concluded that the informant was credible." State v. Kaukani, 59 Haw. 120, 123, 577 P.2d 335, 338 (1978) (citing to standards established by the United States Supreme Court in Aguilar v. Texas, 378 U.S. 108, 114, 84 S. Ct. 1509, 1514 (1964)).

The record is replete with evidence establishing probable cause and reliability of the CI. Officer Marumoto testified that he had been working with the CI for about six months and two other search warrants had been issued based on information from the CI. Officer Marumoto also explained the procedure used in the investigation, providing details as to why Nii's residence was under surveillance and how the "buys" were monitored. The testimony given by Officer Marumoto clearly indicated probable cause for the District Court of the First Circuit to issue a search warrant.

More importantly, despite the circuit court's order that the affidavit in support of the search warrant remained sealed, a redacted copy of the affidavit was filed on May 29, 2007 as Exhibit B to the Honolulu Police Department's Motion to Quash Subpoena Duces Tecum, or, in the Alternative, for an In-Camera Inspection and served on Nii's counsel on May 25, 2007. The unredacted information in the affidavit included the range of

dates in which "buys" were made, the number of buys made, the procedures that were followed in conducting the buys, and reasons for using the CI and suspecting the illegal activities at the house.

The redacted affidavit and Officer Marumoto's testimony contradict Nii's contention that there was "no evidence in the record as to why the police considered the [CI] in this case reliable or of any steps they took to verify the [CI's] reliability prior to conduct[ing] the search." Therefore, Nii's contention that lack of access to the sealed affidavit resulted in a denial of his constitutional rights lacks merit. The circuit court did not abuse its discretion when it ordered the identity of the CI to remain confidential.

(2) In State v. Iwatate, 108 Hawai'i 361, 369, 120 P.3d 260, 268 (App. 2005), this court held:

> A determination on whether a search warrant complies with constitutional particularity requirements must be made "on a case-by-case basis, taking into account all of the surrounding facts and circumstances." State v. Kealoha, 62 Haw. 166, 170-71, 613 P.2d 645, 648 (1980). The cornerstone of such a determination is the language of the warrant itself. Id. at 171, 613 P.2d at 648.

Id. at 369, 120 P.3d at 268 (quoting State v. Matsunaga, 82 Hawai'i 162, 167, 920 P.2d 376, 381 (App. 1996)).

In evaluating the language of the search warrant, we consider "(1) the breadth of the warrant's apparent scope, (2) whether its execution would impinge upon vital rights and interests such as the right to privacy, and (3) whether the complexity and magnitude of the criminal activity being investigated would render a more particularized description of seizable articles difficult." State v. Kealoha, 62 Haw. 166, 171, 613 P.2d 645, 648 (1980).

The search warrant took general language and particularized it when it described any "closed containers . . . [in which] narcotics paraphernalia . . . may be stored" and limited the search of "articles of personal property" to that

4

"tending to establish the identity of persons in control of . . . containers . . . where controlled substances may be found." <u>See</u> <u>Kealoha</u>, 62 Haw. at 173-74, 613 P.2d at 649-50 (citing cases where "broad general descriptions of the articles were particularized by specific examples" sufficient to avoid being unconstitutional general warrants).

The facts show that the ice pipe in the "cloth pouch" and Nii's driver's license were found in close proximity to one another under the couch cushion near where Nii was sitting. Contrary to Nii's assertion that he was not behaving suspiciously, the circumstances created a reasonable suspicion that the items belonged to Nii and he was attempting to conceal them.

The police were acting under a valid search warrant that allowed for the search of "any and all closed containers" on the premises that might contain methamphetamine paraphernalia. A police sergeant found a "cloth pouch containing a glass pipe [with] a white residue substance resembling methamphetamine under the cushion of the sofa where [Nii] was seated." Based on his training and experience, Officer Marumoto testified that he recognized the bulbous shape of a methamphetamine pipe. The search warrant authorized the officers to reach inside the pouch and pull out the pipe. Given the close proximity between the pipe in the pouch and Nii's wallet with his identification, the police had probable cause to place Nii under arrest.

(3)  The search warrant authorized the police to search the "premises and curtilage of [Nii's residence]" and "[a]ny and all closed containers located in or on the above-mentioned premises . . . [f]or the following property":

> 1.  Methamphetamine and narcotics paraphernalia commonly associated with the storage, use and sale of Methamphetamine consisting of and including, but not limited to bowl pipes[.]
>     . . . .
>
> 3.  Articles of personal property tending to establish the identity of persons in control of premises, vehicle, containers, storage areas, and/or property where

5

controlled substances may be found, consisting of, and including but not limited to personal identification[.]

The warrant was sufficiently limited in its scope, clearly identifying the residence and authorizing the search of only those closed containers of the kind in which "[m]ethamphetamine and narcotics paraphernalia commonly associated with the storage, use and sale of [m]ethamphetamine . . . may be stored or concealed." The Hawai'i Supreme Court has determined that "[i]n view of the easy mobility of [narcotics], a warrant specifying the particular premises within which it is hidden is sufficiently detailed to satisfy the constitutional requirement that a warrant particularly (describe) the place to be searched." State v. Davenport, 55 Haw. 90, 100, 516 P.2d 65, 72 (1973) (internal quotation marks and citation omitted). Therefore, the circuit court did not err in ruling that the search of Nii's residence was lawful.

(4) HRPP Rule 48(b)(1) mandates the dismissal of a charge unless trial is commenced within six months from the time of arrest or the filing of the charges, whichever occurs first. Six months is "construed as one hundred eighty days." State v. Jackson, 81 Hawai'i 39, 50, 912 P.2d 71, 82 (1996).

Pursuant to HRPP Rule 48(c) & (d), certain periods of delay are excluded from the computation of the 180-day time limit. State v. Samonte, 83 Hawai'i 507, 514, 928 P.2d 1, 8 (1996). Also, "to be excludable under HRPP [Rule] 48(c), a time period must actually delay a defendant's trial." State v. Hoey, 77 Hawai'i 17, 29, 881 P.2d 504, 516 (1994).

Rule 48 provides, in relevant part:

(c) **Excluded periods.** The following periods shall be excluded in computing the time for trial commencement:

(1) periods that delay the commencement of trial and are caused by collateral or other proceedings concerning the defendant, including but not limited to penal irresponsibility examinations and periods during which the defendant is incompetent to stand trial, pretrial motions, interlocutory appeals and trials of other charges;

6

. . . .

> (3) periods that delay the commencement of trial and are caused by a <u>continuance granted at the request or with the consent of the defendant or defendant's counsel</u>;
>
> (4) periods that delay the commencement of trial and are caused by a continuance granted at the request of the prosecutor if:
>
> > (i) the continuance is granted because of the <u>unavailability of evidence material to the prosecution's case, when the prosecutor has exercised due diligence to obtain such evidence</u> and there are reasonable grounds to believe that such evidence will be available at a later date;

. . . .

> (8) other periods of delay for good cause.
>
> **(d)     Per se excludable and includable periods of time for purposes of subsection (c)(1) of this rule.**
>
> > (1) For purposes of subsection (c)(1) of this rule, <u>the period of time, from the filing through the prompt disposition of the following motions filed by a defendant, shall be deemed to be periods of delay resulting from collateral or other proceedings concerning the defendant</u>: motions to dismiss, <u>to suppress</u>, for voluntariness hearing heard before trial, to sever counts or defendants, for disqualification of the prosecutor, for withdrawal of counsel including the time period for appointment of new counsel if so ordered, for mental examination, to continue trial, for transfer to the circuit court, for remand from the circuit court, for change of venue, to secure the attendance of a witness by a material witness order, and to secure the attendance of a witness from without the state.

(Emphases added.)

Nii claims as many as 263 days were non-excludable and should have been charged to the State for Rule 48 purposes. Nii was arrested on June 20, 2006; the State filed the complaint on June 28, 2006; and the jury trial commenced on October 21, 2008 -- a total of 853 days from arrest to the commencement of trial.

In its "Findings of Fact, Conclusions of Law, and Order Denying [Nii's] Motion to Dismiss for Violation of HRPP Rule 48 or Speedy Trial," the circuit court found that 89 days were chargeable to the State, well within the 180-day time limit between arrest and commencement of trial, and made the following

Findings of Fact and Conclusions of Law, identifying the start date and excludable periods:

FINDINGS OF FACT

1.  The following time should be charged to the State for HRPP Rule 48 purposes:

    a.  Eighty-three (83) days to include the time between arrest on June 20, 2006 and the first trial setting on September 11, 2006.

    b.  Six (6) days to include the time between the disposition of [Defendants' Motion to Suppress] and the next trial setting.

CONCLUSIONS OF LAW

.  .  .  .

3.  The excludable periods applicable to the instant case are periods that delay the commencement of trial and are caused by collateral or other proceedings concerning the defendant such as motions to suppress. See HRPP Rule 48(c)(1) and (d)(2).

4.  Also excludable is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance. See HRPP Rule 48(c)(7).

5.  In the instant case, with the exception of the time noted in this Court's Findings of Fact, the time that has elapsed since Defendants' arrest on June 20, 2006 shall be excluded from the six months the State has to commence trial pursuant to HRPP Rule 48(c)(1), (c)(7), and (d)(2).

There were numerous delays caused by continuances related to Defendants' Motion to Suppress. The period of time from the filing of the pretrial motion to suppress through its "prompt disposition" is per se excludable under Rule 48(d)(1). Nii maintains that Rule 48 was violated when Defendants' Motion to Suppress was not promptly disposed of due to negligence by the State in failing to provide the necessary witnesses.

Nii claims several time periods were chargeable to the State under Rule 48. We dispose of his claims as follows:

(a)  June 20, 2006 to September 11, 2006 (83 days).[3] The parties agreed this time period was chargeable to the State.

_____

[3]  Nii incorrectly counts this as 84 days.

(b) October 2, 2006 to November 6, 2006 (35 days).[4] During this time period, the circuit court had already set the trial week for December 4, 2006. This time period was excludable because prior to October 2006, the circuit court had continued the trial to the week of December 4, 2006 at Nii's request. Nii's filing of his individual Motion to Suppress Evidence on November 6, 2006 had no effect on the tolling of time because that period of time was already excludable.

(c) October 25, 2007 to December 3, 2007 (39 days).[5] On September 27, 2007, the parties agreed to continue the trial to the week of December 3, 2007. Thus, this period of time was excludable under Rule 48(c)(3) ("The following periods shall be excluded . . .: (3) periods that delay the commencement of trial and are caused by a continuance granted . . . with the consent of the defendant[.]"). Because the parties had already agreed to the trial continuance to December 3, 2007, the interim hearing on October 25, 2007, in which the Defendants' Motion to Suppress was granted pending the State filing a motion for reconsideration, had no effect on the time computation.

(d) January 25, 2008 to February 21, 2008 (27 days).[6] As a result of some interim hearings, the new trial week was set for March 24, 2008, with no objection in the record by Nii. Again, any motions and hearings before March 24, 2008 had no effect on the computation of time, as that period was already excludable. Therefore, the February 21, 2008 hearing on the State's February 4, 2008 "Motion to Reconsider Order Granting [Defendants'] Motion to Suppress Evidence" does not affect the excludable time period.

---

[4] Nii incorrectly counts this as 34 days.

[5] Nii adds 40 days rather than the correct 39 days.

[6] Nii incorrectly counts this as 28 days.

(e)    July 8, 2008 to July 21, 2008 (13 days).
At trial call on July 3, 2008, the circuit court set a new trial week of August 18, 2008. Nii "waived Rule 48 and speedy trial." In its "Memorandum in Opposition to [Nii's] Motion to Dismiss for HRPP Rule 48 Violation and/or Speedy Trial," the State argued that the time from the filing of the circuit court's written "Findings of Fact, Conclusions of Law and Order Denying [Defendants'] Motion to Suppress Evidence" on July 8, 2008 to the proposed trial date of July 14, 2008 should be charged to the State, and the circuit court so found. Nii claims that the time charged to the State should be extended to July 21, 2008. However, he provides no argument to support his contention. Points not argued may be deemed waived. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7). Even if Nii were right, the additional seven days would not change the conclusion that the 180-day time limit was not violated.

(f)    August 18, 2008 to October 20, 2008 (63 days).[7]

Nii argues that the time from August 18, 2008 when the trial date was again continued, to October 20, 2008 when the trial began, should be charged to the State. At the August 14, 2008 trial call, Nii objected to the continuance requested by a co-defendant's attorney, who was newly-appointed as of August 12, 2008. However, excluded periods include the period of time for appointment of new counsel. HRPP Rule 48(d)(1). An excluded period includes "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance[.]" HRPP Rule 48(c)(7).

The circuit court did not err when it found that 89 days were chargeable to the State, well within the 180-day time frame allowed to bring a case to trial under HRPP Rule 48.

Therefore,

---

[7]  Nii incorrectly counts this as 64 days.

IT IS HEREBY ORDERED that the the Judgment of Conviction and Probation Sentence filed on January 7, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, April 5, 2011.

On the briefs:

André S. Wooten
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

11